CAROL W. BENEDICT AND STEWART BENEDICT, JR., PLAINTIFFS, v. THE NEW YORK TRUST COMPANY, SUBSTITUTED TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF CHARLES C. BURKE, DECEASED, *ET ALS.*, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 6, 1958.

*Messrs. Riker, Emery & Danzig (Mr. Theodore McC. Marsh,* appearing), attorneys for plaintiffs *(Mr. Everett M. Scherer,* of counsel).

*Messrs. Whiling, Moore & Phillips (Mr. Ira C. Moore, Jr.,* appearing), attorneys for defendants.

SULLIVAN, J. S. C. This is an action to construe the will of Charles C. Burke who died on May 5, 1924, a resident of Plainfield, New Jersey. His will, dated February 1, 1921, was probated in the Prerogative Court of New Jersey on May 19, 1924. *Inter alia,* the will established a trust for the benefit of testator's daughter, Augusta B. Benedict, for life. Mrs. Benedict died on February 2, 1957, thereby terminating the trust. She had no natural-born children and was survived by her husband and two adopted children, namely, Carol W. Benedict and Stewart Benedict, Jr. She was also survived by brothers and sisters and the issue of deceased brothers and sisters.

Paragraph "Sixth" of the will provides that upon the death of the testator's daughter (Augusta B. Benedict), the principal of the trust fund, shall be paid over "to her issue then living, if any, * * *," and in case the daughter "shall die without leaving any issue her surviving, then and in that case my said trustees shall convey and pay over the fund so held in trust for her * * * to those persons who, under the laws of the State of New Jersey in effect at the time of her death, would be entitled to take such property if it were all personalty and such daughter had died a resident of New Jersey, owning the same intestate and without leaving a husband her surviving."

The two adopted children of Augusta B. Benedict claim that they are entitled to the principal of the trust fund under paragraph "Sixth" of the will. The balance of said principal, as shown by the trustee's final accounting amounts to approximately $335,000.

However, paragraph "Eighth" of decedent's will provides as follows:

"I hereby declare that in all cases in which in and by this Will, I have referred to children, grandchildren, issue or descendants or to persons who would be entitled to take any property as if in case of an intestacy, I exclude from all and every such classes all persons who might be included therein because of their being adopted children or descendants of or persons claiming through adopted children. The word issue as used in this Will means direct descendants in whatever degree."

The argument that the two adopted children of Augusta B. Benedict (the life tenant) should be paid the principal of the trust fund is based on the reasoning that on a moral and just construction of paragraph "Sixth" of the testator's will, adopted children should have the same standing and receive the same treatment as natural-born children. The adopted children, therefore, according to the argument advanced, are clearly entitled to the principal of the trust fund under paragraph "Sixth" of the will, either as "issue" of the life tenant, or as "persons * * * entitled to take * * *" should the life tenant die without leaving issue her surviving. Continuing the argument, it is then reasoned that paragraph "Eighth" of the will conflicts with paragraph "Sixth" since it attempts to take away from the adopted children what they have already been bequeathed. The conclusion urged upon the court is that the earlier provision must prevail and that paragraph "Eighth" be disregarded. In the event that the court should find no conflict between the two paragraphs of the will, it is then submitted that paragraph "Eighth" of the will is against public policy because it attempts to discriminate against adopted children by excluding them as issue, or next of kin, of their adopting parent.

 Granted that the present trend of the law is to eliminate as much as may be possible, the legal distinction between adopted children and natural born children, there is no such public policy as is contended for. A testator may dispose of his estate as he sees fit and may even exclude one or more or all of the members of his own family. So long as a testator possesses testamentary capacity, the courts may not invalidate his will in whole or in part bacause it does not comport with the courts' ideas of fairness or equality. A testator may exclude the adopted children of his daughter as beneficiaries under his will. He may prefer natural born grandchildren and exclude "adopted" grandchildren. We may disagree with his testamentary plan but there is nothing against public policy in it.

The present adoption act of 1953, *N. J. S. A.* 9:3–17 *et seq.*, at 9:3–30(*B*), has the following language:

"In the construction of any testamentary or other document executed subsequent to the effective date of this act, an adopted child shall be deemed lawful issue of the adopting parent unless such document shall otherwise provide."

The foregoing makes it clear that even under the present act, if the instrument so specifies, adopted children may be excluded as issue of the adopting parent.

Nor is the testator, by the latter provisions of paragraph "Sixth" and by paragraph "Eighth," unlawfully attempting to change the statute of descent and distribution by barring adopted children from sharing in the daughter's intestate estate. The testator's property passes under his will and not under the statute. He refers to the latter, only for the purpose of identifying the objects of his bounty. Those who receive, take under the will and not under the statute of descent and distribution.

The other argument advanced is that it is possible, under broad principles of testamentary construction, to give relief to the adopted children of the life tenant. Briefly, the point is made that adopted children are "issue" or "persons * * * entitled to take * * *" within the meaning of paragraph "Sixth" of the will. It is admitted that the case of *In re Wehrhane's Estate,* 23 *N. J.* 205 (1957) is at variance with the rule of construction urged. However, it is suggested that the *Wehrhane* case is questionable law that should not be followed. All of the reasoning advanced is in fact nothing more nor less than a re-argument of the *Wehrhane* case and a disapproval of its holding.

The difficulty with the argument is that the will under consideration is much more explicit than the Wehrhane will, and a ruling herein is not to be bottomed on *In re Wehrhane's Estate* (*supra*). In that case the Court was called upon to determine what the testator meant when he used the word "issue," and whether or not he intended that adopted children be included in that category. The Burke will, on

the other hand, defines the words "issue" and "persons * * * entitled to take * * *," and specifies that adopted children are not to be included in the definition. Paragraph "Eighth" of the will under consideration does not conflict at all with paragraph "Sixth." It merely explains the meaning of the earlier paragraph. Actually, the will, in this regard, does not require construction at all. It plainly and clearly excludes adopted children from receiving anything under the will either as "issue" of the life tenant or "persons * * * entitled to take * * *" should the life tenant die without leaving issue her surviving.

It would not be inappropriate to point out that the testator herein died in 1924. The two children were adopted by Augusta B. Benedict and her husband in 1932 and in 1935. The adoption dates were, therefore, some eight to eleven years after the testator's will had been probated, the provisions of which specifically excluded any children adopted by his daughter, from sharing in his estate.

The final argument made, is that if the court rules that the adopted children are not eligible to take under paragraph "Sixth" of the will, then there is no one eligible to take, because the surviving husband of the life tenant is also barred from consideration. It is then suggested that since no one can take under the will, the principal of this trust fund must pass as intestate property of Charles C. Burke, and the adopted children can claim a share of such intestate property through their adopting mother who was a daughter of Charles C. Burke.

This argument also is without merit because there is no intestacy. Under paragraphs "Sixth" and "Eighth" of the will, upon the life tenant's dying without issue, the principal of the trust fund is to be paid over to those who would be entitled to share in her intestate estate, excluding however, her husband and adopted children. Applying this formula, we find that the remaindermen of the trust, under paragraph "Sixth" of the will, are the brothers and sisters, and issue of deceased brothers and sisters, of Augusta B. Benedict.

From the foregoing, the following conclusions are reached.

The adopted children of Augusta B. Benedict are not her issue within the meaning of paragraph "Sixth" of the will, nor, under the same paragraph, are they to be included among the persons entitled to take, upon Augusta B. Benedict's dying without leaving any issue her surviving.

The principal of the trust fund is not intestate property. Under paragraphs "Sixth" and "Eighth" of the will, the life tenant having died, said property is to be paid *per capita* to the surviving brothers and sisters of Augusta B. Benedict and *per stirpes* to the issue of any deceased brothers and sisters, said issue to receive the share their ancestor would have been paid had he or she survived.